THE UNION SAVINGS BANK & TRUST CO. v. THE VILLAGE OF NORWOOD.

1. Where a road is contracted for and built with reference to a special fund raised by taxation for this purpose and no other, and a certain percentage of the contract price is retained for a specified period upon a trust not yet expired, whose further performance is rendered impossible by wrongful acts of the municipality, a right of action arises to determine the trust and for the balance remaining unpaid.
2. In such case, the court will enjoin the waste or misapplication of the fund by the municipality *pendente lite* upon a proper showing of facts.
3. The remedy of the contractor in such case is in equity, since it involves a rescision or cancellation of the time limit that could not be reached at law.

HOSEA, J.

Demurrer to amended petition, as showing no ground for equitable relief.

The special points of the petition involved in this demurrer in substance are that the road was contracted for and built with reference to a "special fund raised by taxation for this purpose and no other"; that a certain portion of this fund, being a percentage of the contract price, was retained for a period of five years, not yet expired, upon a trust specified in the contract; that under said trust the village has paid certain amounts unknown; and that the conditions as to the subject-matter of the contract and upon which the said trust was instituted [or declared], having been so altered and destroyed by wrongful acts of defendant as to render further performance by plaintiff impossible; therefore, the trust should be determined and an accounting had, with a decree for any balance found to be due, and with injunction against further waste and misapplication *pendente lite*.

These allegations seem to set forth valid grounds for consideration in equity. It is manifest that a suit at law can not be maintained until the expiration of the five years' period provided in the contract for the retention of the balance of purchase money.

The suit asks, in effect, that the contract be rescinded or canceled as to this feature, and the plaintiff excused from performance; and this can be done only in chancery. Moreover, what might be the right or want of right of a party under municipal contracts as to payment out of a particular fund, in cases of bonds and the like (cited against the demurrer), the allegation here relates to a particular fund set apart and held by the defendant by virtue of a trust created by the parties under this contract; and further, that payments have been made by defendant which render uncertain the amount actually due plaintiff, until an accounting is had to ascertain and separate lawful from unlawful payments. The injunction is asked to prevent further threatened waste and misapplication of the fund.

The plaintiff, it is true, alleges inadequacy of his legal remedy, only upon the ground that if his right to this fund be not recognized in equity, he will be remitted to a protracted and expensive lawsuit as upon a debt, and I am

inclined to think that this might be sufficient in connection with the allegations of the petition; but for the additional and stronger reason, that at this time and without a recession or cancellation of the time limit of the contract, no action at law would lie, and consequently a remedy at law is not only inadequate, but non-existent, I must overrule the demurrer.

Demurrer overruled.

*W. W. Symmes,* for plaintiff.
*Wm. R. Collins,* for defendant.